RECEIVED
IN LAKE CHARLES, LA

JAN 24 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LECIA P. McCULLOUGH, KIMBERLY G. DARLING, AND PAULA J. DAVENPORT | : | DOCKET NO. 04 CV 2579 |
| VS. | : | JUDGE MINALDI |
| SEARGEANT KEVIN KIRKUM, CITY OF LAKE CHARLES, DONALD DIXON, and THE LAKE CHARLES POLICE DEPARTMENT | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court are Motions to Dismiss filed by defendants City of Lack Charles, Chief Donald Dixon ("Dixon") and the Lake Charles Police Department [doc. 14], and defendant Kevin Kirkum ("Kirkum") [doc. 18]. The Defendants seek to dismiss the plaintiffs' claims of employment discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1983 as well as their state law claims pursuant to La. Civ. Code art. 2315. The defendants argue that the plaintiffs' claims have prescribed because they failed to initiate suit within one-year of the date of injury.

"A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992); *see Maddox v. Runyon*, 139 F.3d 1017, 1021 (5th Cir.1998); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir.1996); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir.1988); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir.1985); *see also* 42 U.S.C. §

2000e-5(f). Title VII states:

> [I]f the Commission dismisses a charge or if, within 180 days after a charge is filed, the Commission has not filed a civil action, "the Commission ⋯ shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."

The plaintiffs filed a complaint with the EEOC on August 14, 2003. On October 22, 2004 the EEOC issued a "Right to Sue Letter" which stated that the plaintiffs had ninety days from receipt of the letter to file suit. The plaintiffs filed their complaint on December 27, 2004, clearly within the ninety day limitation period. Thus, plaintiffs' claims arising under Title VII were filed timely.

The filing of an EEOC claim, however, does not toll, interrupt, or suspend the prescriptive period for the plaintiffs' § 1983 claims or their state law claims in tort. *See Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19 (5th Cir.1985); *Fussell v. Bellsouth Communications, Inc.*, 1998 WL 12229 at 2 (E.D.La. Jan.8, 1998); *Roth v. N.J. Malin & Assoc.*, 1998 WL 898367 at 5 (E.D.La. Dec.21, 1998). Despite Title VII's range and design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies [s]he possesses and is not limited to Title VII in h[er] search for relief. *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, *459, 95 S.Ct. 1716, 1719 (U.S.Tenn. 1975). "The legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently h[er] rights under both Title VII and other applicable state and federal statutes." *Id* (citing *Alexander v. Gardner-Denver Co.*, 415 U.S., at 48, 94 S.Ct., at 1019. In determining the limitations period for a § 1983 claim, the applicable period provided by state law is applied, in this case Louisiana's one year personal injury limitations period. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir.1993) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th

Cir.1989)). On its face, the petition clearly establishes that suit was not filed within this period.

Paragraph 9 of the complaint states that the challenged conduct occurred "during their employment and up to May 2003." Suit was not filed until December 27, 2004. The plaintiffs now argue that the alleged sexual harassment and hostile work environment were a continuing tort tolling prescription. In support of their argument, the plaintiffs have submitted documents and exhibits outside the pleadings. Therefore, these motions will be treated as a summary judgment.

For the reasons stated herein, IT IS ORDERED that the defendants motions to dismiss are DENIED as to the plaintiffs' Title VII claims.

Because the plaintiffs rely upon evidence outside the pleadings to prove the timeliness of their § 1983 claims and state law claims, the defendants' motions to dismiss these claims will be treated as a summary judgment pursuant to Rule 56. Accordingly,

The plaintiffs ARE ORDERED to submit any competent summary judgment evidence to support the viability of their § 1983 and state law tort claims within fifteen (15) days of the date of this order. The defendants shall have ten (10) days from the filing of the plaintiffs' evidence to file a response.

IT IS FURTHER ORDERED that the trial date in this matter be rescheduled for April, 3, 2006, at 10:00 a.m.

Lake Charles, Louisiana, this 23 day of January, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT